of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**DIAN JIN JIANG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 08–2574–ag.**

United States Court of Appeals, Second Circuit.

July 9, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Alison Marie Igoe, Senior Litigation Counsel, Office of Immigration Litigation; Jeffrey L. Menkin, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and JOHN M. WALKER, JR., Circuit Judges.

---

Attorney General Michael B. Mukasey as respondent in this case.

84

### SUMMARY ORDER

Petitioner Dian Jin Jiang, a native and citizen of the People's Republic of China, seeks review of a May 1, 2008 order of the BIA, which denied his second motion to reopen. *In re Dian Jin Jiang*, No. A070 583 798 (B.I.A. May 1, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Jiang's untimely motion to reopen or in finding him ineligible to file a successive asylum application.

Jiang argues that the BIA erred by finding that he failed to demonstrate either material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen or his *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oftcited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Further, there is nothing in the BIA's decision compelling the conclusion that it failed to take into account all of Jiang's evidence as we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.2006).

Jiang asserts that the BIA erred in failing to address whether a 1988–2007 fine schedule in the record indicated that he would be subject to excessive fines amounting to persecution. However, the fine schedule does not indicate that country conditions have materially changed or that such fines would amount to persecution for an individual in Jiang's economic circumstances. *See Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 70 (2d Cir.2002).

Finally, the BIA's determination that Jiang was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).